UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SAGINAW CHIPPEWA INDIAN TRIBE
OF MICHIGAN, el al.,

        Plaintiff,        Case No. 16-cv-10317

v.        Honorable Thomas L. Ludington

BLUE CROSS BLUE SHIELD OF MICHIGAN,

        Defendant.

_____/

**ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR RECONSIDERATION**

On January 29, 2016, Plaintiffs Saginaw Chippewa Indian Tribe of Michigan and the Welfare Benefit Plan ("Plaintiffs") brought suit against Blue Cross Blue Shield of Michigan ("BCBSM"). Plaintiffs' suit takes issue with BCBSM's management of Plaintiffs' "self-insured employee benefit Plan." Am. Compl. at 1, ECF No. 7. Specifically, Plaintiffs assert that BCBSM violated its fiduciary duty under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq*., when it did not authorize payment of Medicare-like Rates[1] for certain health services (Count I), that BCBSM engaged in prohibited transactions under ERISA when it charged Plaintiff hidden fees (Count II), and seven state law claims (Count III-IX). On August 3,

---

[1] As explained in the Court's order granting Defendant's motion to dismiss:

> On July 5, 2007, the Department of Health and Human Services implemented regulations governing the payment amounts that health-care providers may accept from Indians for medical services rendered. 42 C.F.R. § 136.30. The regulations cap the amount a hospital or health-care provider may accept at the same rate that would be paid under Medicare for the same service. From the time the regulation was enacted, BCBSM did not ensure that it processed claims for payment at the MLR for the applicable service. Thus, BCBSM often paid healthcare providers rates for services that were in excess of what would otherwise have been paid under Medicaid.

Order Granting Mot. Dismiss at 3, ECF No. 22.

2016, the Court granted Defendant's motion to dismiss Counts I and III–IX. ECF No. 22. Plaintiffs filed a motion for reconsideration, ECF No. 24, which is now before the Court.

**I.**

The relevant allegations have been recounted in the Court's August 3, 2016, order granting Defendant's motion to dismiss. ECF No. 22. That summary will be incorporated as if fully recounted herein. For clarity, the procedural history of this action will be further described.

On April 25, 2016, Defendant filed a motion to dismiss Plaintiffs' state law claims and ERISA claims related to the nonpayment of Medicare-like Rates. Mot. Dismiss, ECF No. 14. In that motion, Defendant argued that Plaintiffs' claims related to the nonpayment of Medicare-like rates should be dismissed because "when: (a) an ERISA-governed plan does not include a particular benefit . . . ; and (b) ERISA does not require application of the non-ERISA federal law in question, then a third-party administrator does not owe a fiduciary duty relative to the same." Mot. Dismiss at 7, ECF No. 14. Defendant cited numerous cases in support of the proposition that "absent clear and unambiguous language by Congress, ERISA liability does not extend to an alleged failure to comply with a non-ERISA statute." *Id.* at 10 (citing, among other cases, *Bell v. Pfizer, Inc.,* 626 F.3d 66, 77–78 (2d Cir. 2010); *Clark v. Feder Somo and Bard, P.C.*, 739 F.3d 28 (D.C. Cir. 2014); *Reklau v. Merchants Nat'l Corp.*, 808 F.2d 628, 631 (7th Cir. 1986)). Plaintiffs countered by arguing in general terms that BCBSM's behavior violated its ERISA fiduciary duties by not paying the lowest possible rate for medical services rendered. Pl. Resp. at 13–14, ECF No. 18. Plaintiffs further attempted to distinguish the cases cited by Defendant. *See id.* at 16–19. In particular, Plaintiffs tried to distinguish *Clark* by arguing that the case did not involve a claim that the ERISA fiduciary violated his "prudent person" obligations under 29 U.S.C. § 1104(a)(1). *Id.* at 17. Plaintiffs did not cite any legal authority which affirmatively

established that ERISA liability should be extended to cover BCBSM's failure to take advantage of Plaintiffs' entitlement to Medicare-like Rates under 42 C.F.R. § 136.30.

On August 3, 2016, the Court granted Defendant's motion to dismiss. ECF No. 22. The Court dismissed Plaintiffs' state law claims with prejudice because all parties agreed that they were preempted by ERISA. The Court further dismissed Count I in whole and Count II to the extent it related to BCBSM's obligation to ensure that the Plan paid Medicare-like Rates for healthcare claims. In the order, the Court explained that "courts have uniformly held that an ERISA fiduciary does not owe a duty to the plan to comply with obligations extrinsic to the text of ERISA and the plan." *Id.* at 6. In support, the order extensively discussed the D.C. Circuit's decision in *Clark*. *Id.* at 6–8. The Court noted that the plaintiff in *Clark* "grounded her claim in § 404 of ERISA (29 U.S.C. § 1104)," like Plaintiffs here.

On August 17, 2016, Plaintiffs filed a motion for reconsideration of the Court's order which granted Defendant's motion to dismiss. ECF No. 24. For the reasons stated below, Plaintiffs' motion for reconsideration will be granted in part.

**II.**

Pursuant to Eastern District of Michigan Local Rule 7.1(h), a party can file a motion for reconsideration of a previous order, but must do so within fourteen days. A motion for reconsideration will be granted if the moving party shows: "(1) a palpable defect, (2) the defect misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case." *Michigan Dept. of Treasury v. Michalec*, 181 F. Supp. 2d 731, 733-34 (E.D. Mich. 2002) (quoting E.D. Mich. LR 7.1(g)(3)). A "palpable defect" is "obvious, clear, unmistakable, manifest, or plain." *Id.* at 734 (citing *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 2d 262, 278 (E.D. Mich. 1997). "[T]he Court will not grant motions for

rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3). *See also Bowens v. Terris*, No. 2:15-CV-10203, 2015 WL 3441531, at *1 (E.D. Mich. May 28, 2015).

### III.

In their motion for reconsideration, Plaintiffs take issue with two aspects of the Court's opinion. First, Plaintiffs argue the Court misconstrued *Clark v. Feder Somo and Bard, P.C.* when holding that Plaintiffs had not stated a claim on which relief can be based regarding BCBSM's obligation to ensure the Plan was paying only Medicare-like Rates. Second, Plaintiffs argue that Count I should not have been dismissed in its entirety.

### A.

Plaintiffs begin by arguing that "BCBSM's decision not to take advantage of Medicare-Like Rates" violated BCBSM's fiduciary duties pursuant to § 1104(a) of ERISA. Mot. Reconsideration at 7–9, ECF No. 24. Plaintiffs assert that BCBSM imprudently paid contractual rates to hospitals instead of the lower Medicare-like Rates, and that this refusal violates BCBSM's general fiduciary duty under ERISA. This argument is materially identical to the argument considered and rejected in the Court's opinion granting Defendant's motion for reconsideration. *See* Order Granting Mot Dismiss at 5–6.

Plaintiffs support this reiterated argument by citing two cases for the proposition that "a plan administrator breaches its fiduciary duties when the administrator has a pattern or practice of using plan assets to overpay healthcare claims": *United Teamster Fund v. Magnacare Administrative Services, LLC*, 39 F. Supp. 3d 461, 471 (S.D.N.Y. 2014) and *Autonation, Inc. v. United Healthcare Ins. Co.*, 423 F. Supp. 2d 1265, 1272–73 (S.D. Fla. 2006). In *United Teamster Fund*, the issue was whether the defendant was an ERISA fiduciary at all. 39 F. Supp. 3d at 469.

Further, the plaintiff was alleging that the defendant had negotiated better rates with the providers and then kept the difference. *Id.* at 466–67. This kind of self-dealing is expressly prohibited by ERISA, *see* 29 U.S.C. § 1106(b), and is distinctly different from the nature of the wrongdoing Plaintiffs allege here. In *Autonation*, the plaintiff was alleging that the defendant "continued to disregard its obligations" with regard to excessive overpayments and payment of benefits to terminated employees even after being made aware of the problems. 423 F. Supp 2d. at 1268. The *Autonation* Court rejected the defendant's argument that it had not breached its fiduciary duty because it provided more Plan benefits than required. *Id.* at 1271. In this case, Plaintiffs are alleging that Defendant's failure to take advantage of non-ERISA federal law breached its fiduciary duty. Thus, these cases are decidedly distinguishable and of no benefit to Plaintiffs.

Plaintiffs also specifically challenge the Court's reading of the D.C. Circuit's holding in *Clark*. First, they argue that *Clark* did not reject an ERISA claim premised on § 404(a) of ERISA, 29 U.S.C. § 1104(a). Accordingly, Plaintiffs argue, the Court's assertion that "Clark grounded her claim in § 404 of ERISA" was inaccurate. Order Granting Mot. Dismiss at 7. In support, Plaintiffs reference a document, titled "Statement Detailing Nature of Claims," which Clark submitted to the district court.[2] Statement of Claims, ECF No. 24, Ex. A. On page 18 of that document, Clark stated that the defendant had breached its fiduciary duty under 29 U.S.C. § 1103(d)(1), which requires the fiduciary to allocate assets in accordance with 29 U.S.C. § 1344(b)(5). *Id.* at 18. Section 1344(b)(5), in turn, "provides that the allocation of assets must conform with regulations of the Secretary of Treasury to prohibit discrimination in favor of

---

[2] Plaintiffs admit that Clark's second amended complaint alleged that the defendant had breached its fiduciary duty under §1104(a). Pl. Br. at 11.

highly compensated employees." *Id.* Thus, Plaintiffs argue, Clark dropped her claim under § 1104(a) after filing her second amended complaint.

However, as Defendant points out, Clark explicitly indicated in her opening brief on appeal that she was still relying, in part, on § 1104(a). *See* App. Opening Br. at 47–48, ECF No. 26, Ex. 1 ("The basis for Clark's claim, however, is the fiduciary duties in ERISA § 404(a), 29 U.S.C. 1104(a), and ERISA § 403(d)(1), 29 U.S.C. 1103(d)(1). . . . Pursuant to ERISA § 404(a), fiduciaries are required to comply with title I and IV of ERISA, which encompass both ERISA § 403(d)(1) and ERISA § 4044(b)(5)."). Thus, even though Clark did not specifically mention § 1104(a) in her statement of claims, that argument was clearly raised before the D.C. Circuit.

Plaintiffs further argue that the analysis in *Clark* is "very specific to the argument advanced by Plaintiffs in those cases – that 29 U.S.C. § 1344(b)(5) creates a duty under ERISA to reallocate plan assets to ensure compliance with Internal Revenue Code § 401(a)(4)." Plaintiffs thus argue that Clark was asserting a breach of fiduciary duty under § 1344 of ERISA only, thus making the decision in *Clark* distinguishable. But, contrary to Plaintiffs' argument, the reasoning in *Clark* is applicable to the case before the Court now. The *Clark* Court began by noting that "we must be cautious because the Supreme Court has repeatedly warned courts against permitting suits to proceed under ERISA based on novel causes of action not expressly authorized by the text of the statute." 739 F.3d at 29 (citing *Great–West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 209 (2002)). Next, the D.C. Circuit reasoned that because § 1344 of ERISA did not use "unequivocal language" regarding "what a fiduciary may or may not do about distributions at termination," there was no fiduciary duty under ERISA to comply with § 401(a)(4) of the Internal Revenue Code. *Id.* at 30. In fact, the D.C. Circuit actually cited § 1104(a)(1)(B) of ERISA, dealing with the fiduciary's duty to diversify plan investments, as an

example of "unequivocal language" creating a fiduciary duty. *Id.* If § 1104(a) created a fiduciary duty for the defendant in *Clark* to comply with § 401(a)(4), then surely the D.C. Circuit would have explained that instead of citing § 1104(a)(1)(B) as further support for dismissal of Clark's claim. *See also Hollowell v. Cincinnati Ventilating Co.*, 711 F. Supp. 2d 751, 770 (E.D. Ky. 2010) (explicitly rejecting under §1104(a) an argument that is substantially similar to the one made by the plaintiff in *Clark*).

> In fact, as the Court reasoned in its previous ordering dismissing Plaintiffs' claims,
>
> the plaintiff in Clark had a more compelling argument for liability than Plaintiff's here. The IRC provision at issue in *Clark* is specifically invoked by ERISA in 29 U.S.C. § 1344(b)(5). . . . [T]he *Clark* court cited ERISA's very specific provisions concerning the duties of a plan fiduciary and noted that if Congress intended to impose a duty on an ERISA fiduciary, it would have done so with similar specificity.

Order Granting Mot. Dismiss at 7–8.

Thus, even if Plaintiffs are correct and the decision in *Clark* focuses only on fiduciary duties under § 1344, *Clark* would still support dismissal. Section 1344 provides a much more specific and unequivocal expression of the need to comply with the Internal Revenue Code, but the D.C. Circuit still held that the language was not specific enough to impose a fiduciary duty. Plaintiffs' argument draws an even more attenuated relationship between fiduciary duties under ERISA and extraneous federal regulations.

Plaintiffs argue that the Court erred in reading *Clark* as standing for the proposition that "the ERISA statutory text must explicitly spell out in detail the exact duty that the plan administrator failed to perform." Pl. Br. at 16. Rather, they argue, *Clark* should be read as narrowly focusing on the interaction of § 1344(b)(5) and the Internal Revenue Code provision 401(a)(4). Even if that were true, however, Plaintiffs have still not shown a palpable error in the Court's prior decision. The decisions cited by the Court—including *Clark*, 739 F.3d at 30,

*Reklau v. Merchants Nat. Corp.*, 808 F.2d 628, 631 (7th Cir. 1986), and *Stamper v. Total Petroleum, Inc. Ret. Plan*, 188 F.3d 1233, 1238 (10th Cir. 1999)—all support the proposition that courts should be cautious in permitting ERISA suits based on "novel causes of action not expressly authorized by the text of the statute. *Clark*, 739 F.3d at 30. Even if the cases relied on by the Court in its prior decision are distinguishable, Plaintiffs have still not affirmatively provided precedential support for the theory of liability they assert. The relevant case law supports, or at least does not contradict, the Court's conclusion that the Medicare-like Rate regulations do not create a substantive fiduciary duty under ERISA. To the extent that Plaintiffs make policy arguments to the contrary, the Court previously considered and rejected Plaintiffs' claims. Thus, Plaintiffs have not shown a palpable error in the Court's decision.

**B.**

Second, Plaintiffs argue that the Court improperly dismissed Count I in its entirety because that Count also includes claims premised on BCBSM's practice of utilizing "hidden access fees." As Plaintiffs note, the Court observed in its opinion that "BCBSM's practice of hiding fees is not at issue in BCBSM's motion to dismiss." Order Granting Mot. Dismiss at 2. Because Count I includes allegations regarding both BCBSM's obligation to pay Medicare-like Rates and the hidden access fees, Plaintiffs argue that Count I should not have been dismissed in its entirety. Defendants agree that Count I should be dismissed only as it relates to Medicare-like Rates. Def. Br. at 12. Because Count I should only have been partially dismissed, Plaintiffs' motion for reconsideration will be granted in part and Count I will be partially reinstated.

**III.**

Accordingly, it is **ORDERED** that Plaintiffs' motion for reconsideration, ECF No. 24, is **GRANTED in part.**

- 9 -

It is further **ORDERED** that Count I of Plaintiffs' Amended Complaint, ECF No. 7, is **REINSTATED** to the extent it alleges any claims related to Defendant BCBSM's practice of utilizing hidden access fees.


Dated: October 27, 2016                     s/Thomas L. Ludington
                                            THOMAS L. LUDINGTON
                                            United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 27, 2016.

                                            s/Michael A. Sian
                                            MICHAEL A. SIAN, Case Manager

---