UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SAGINAW CHIPPEWA INDIAN TRIBE
OF MICHIGAN, el al.,

                Plaintiffs,                Case No. 16-cv-10317

v.                                          Honorable Thomas L. Ludington

BLUE CROSS BLUE SHIELD OF MICHIGAN,

                Defendant.
_____/

**ORDER DIRECTING DEFENDANT TO RESPOND**

On January 29, 2016, Plaintiffs Saginaw Chippewa Indian Tribe of Michigan and the Welfare Benefit Plan ("Plaintiffs") brought suit against Blue Cross Blue Shield of Michigan ("BCBSM"). Plaintiffs' suit takes issue with BCBSM's management of Plaintiffs' "self-insured employee benefit Plan." Am. Compl. at 1, ECF No. 7. Specifically, Plaintiffs assert that BCBSM violated its fiduciary duty under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, et seq., when it did not authorize payment of Medicare-like Rates for certain health services and hidden fees (Count I), that BCBSM engaged in prohibited transactions under ERISA when it charged Plaintiff hidden fees (Count II), and seven state law claims (Count III-IX). On August 3, 2016, the Court granted Defendant's motion to dismiss Counts I and III–IX. ECF No. 22. That order was later amended to reflect that Count I was dismissed only as it related to Medicare-like rates. ECF No. 29. Now, the parties have filed cross-motions for partial summary judgment on the remaining claims. ECF Nos. 79, 81. Plaintiffs have simultaneously filed a motion requesting leave to file documents on the public record. ECF No. 80.

In the motion, Plaintiffs explain that four exhibits to their motion for partial summary judgment were marked as "confidential" during discovery. Pursuant to the protective order

entered into between the parties, ECF No. 44, documents marked as confidential cannot be filed on the public record unless the opposing party consents. Alternatively, the party may file the documents under seal if authorized by the Court.

Plaintiffs wish to file the documents on the public record, but Defendant has not yet consented to the filing. There is a "strong presumption in favor of openness" regarding court records. *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983). "The proponent of sealing therefore must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002)).

The protective order creates an unusual dynamic whereby one party wishes to use documents to support its motion for summary judgment, but can only file them under seal unless the opposing party consents to public filing. If Defendant does not consent, then Plaintiffs will be required to seek leave of the Court to file the documents under seal. Thus, although Plaintiff might be the party nominally seeking leave to file under seal, Defendant is the true "proponent of sealing," assuming it opposes the public filing. *Id.*

For that reason, Defendant will be directed to respond to Plaintiffs' motion. Defendant should indicate whether it opposes Plaintiffs' request to openly file the documents. If it does, Defendant must then bear its burden of analyzing "in detail, document by document, the propriety of secrecy, providing reasons and legal citations."

Accordingly, it is **ORDERED** that Defendant is **DIRECTED** to respond to Plaintiffs' motion for leave to file, ECF No. 80, **on or before April 21, 2017.**

Dated: April 13, 2017                                    s/Thomas L. Ludington
                                                         THOMAS L. LUDINGTON
                                                         United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 13, 2017.

                                    s/Michael A. Sian
                                    MICHAEL A. SIAN, Case Manager

---