# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: August 30, 2018

Mr. Phillip J. DeRosier
Dickinson Wright
500 Woodward Avenue
Suite 4000
Detroit, MI 48226

Mr. Perrin Rynders
Mr. Bryan R. Walters
Varnum
P.O. Box 352
Grand Rapids, MI 49501

Re: Case No. 18-1170, *Saginaw Chippewa Indian Tribe, et al v. Blue Cross Blue Shield of MI, et al*
Originating Case No. : 1:16-cv-10317

Dear Counsel,

The Court issued the enclosed opinion today in this case.

Sincerely yours,

s/Cathryn Lovely
Opinions Deputy

cc: Mr. David J. Weaver

Enclosure

Mandate to issue

NOT RECOMMENDED FOR PUBLICATION
File Name: 18a0452n.06

No. 18-1170

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| SAGINAW CHIPPEWA INDIAN TRIBE OF MICHIGAN; WELFARE BENEFIT PLAN, | ) ) ) | **FILED**<br>Aug 30, 2018<br>DEBORAH S. HUNT, Clerk |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) ) | ON APPEAL FROM THE<br>UNITED STATES DISTRICT<br>COURT FOR THE EASTERN |
| BLUE CROSS BLUE SHIELD OF MICHIGAN, | ) ) | DISTRICT OF MICHIGAN |
| Defendant-Appellee. | ) | |

BEFORE:   BOGGS, BATCHELDER, and THAPAR, Circuit Judges.

BOGGS, Circuit Judge.   The Saginaw Chippewa Indian Tribe of Michigan ("the Tribe") appeals the district court's decision denying in part its motion for attorney's fees and costs.  For the reasons stated below, we affirm the district court's decision in part and reverse in part.

I

The Tribe provided two self-insured healthcare policies through Blue Cross Blue Shield of Michigan ("BCBSM"), one for tribal employees ("Employee Policy") and another for tribal members ("Member Policy).  In January 2016, the Tribe filed suit against BCBSM, alleging that BCBSM's administration of these policies violated the Employee Retirement Income Security Act of 1974 ("ERISA").  Contending that the two policies constituted a single ERISA plan, the Tribe asserted that BCBSM breached its fiduciary duties under ERISA in three distinct ways: (1) including undisclosed administrative fees in marked-up hospital claims; (2) charging an

No. 18-1170, *Saginaw Chippewa Indian Tribe of Mich. v. Blue Cross Blue Shield of Mich.*

additional fee in connection with BCBSM's Physician Group Incentive Program ("PGIP"); and (3) squandering plan assets by failing to take advantage of federal regulations that permit Indian tribes to pay no more than Medicare-Like Rates ("MLRs") for services provided by certain hospitals.

The district court dismissed the Tribe's MLR claim for failure to state a claim. After the completion of discovery, the parties filed cross-motions for partial summary judgment. The district court concluded that the Tribe's two policies were separate healthcare plans and that only the Employee Policy constituted an ERISA plan. The district court also granted summary judgment to BCBSM on the Tribe's PGIP claim. But BCBSM conceded that it had violated ERISA by adding hidden administrative fees to the hospital bills associated with the Employee Policy. The district court therefore granted summary judgment to the Tribe on that claim, awarding it roughly $8.4 million in damages.

The litigation did not end there. The Tribe appealed the district court's adverse rulings. On appeal, the Tribe also argued that the district court erred by failing to award it prejudgment interest on its hidden-fees claim for the Employee Policy. In an opinion issued today, we affirmed all but one of the district court's rulings, concluding that it was premature to dismiss the Tribe's MLR claim. *See Saginaw Chippewa Indian Tribe of Mich. v. Blue Cross Blue Shield of Mich.*, No. 17-1932.

Relying on 29 U.S.C. § 1132(g)(1), both parties also moved for attorney's fees and costs. The district court denied BCBSM's motion but granted in part its challenge to the taxed costs awarded to the Tribe. The taxed-costs award concerned certain fees associated with depositions that the parties used in their motions for summary judgment. Because the summary-judgment motions addressed three categories of claims—(1) the Employee Policy and hidden fees; (2) the

No. 18-1170, *Saginaw Chippewa Indian Tribe of Mich. v. Blue Cross Blue Shield of Mich.*

Member Policy and hidden fees; and (3) PGIP—and because the Tribe prevailed only on the first of these claims, the court reduced the Tribe's taxed costs by two-thirds.

The district court then considered the Tribe's motions for fees and costs. The court granted the Tribe's motion for attorney's fees in part, holding that the Tribe was entitled to an award because it had achieved "some success on the merits" on its hidden-fees claim associated with the Employee Policy. But since the Tribe prevailed on only one of its four claims,[1] the court first excluded more than 500 hours of attorney time from the fee award, concluding that this time was spent on the Tribe's three non-meritorious claims, and it then reduced the award by 75% to reflect the Tribe's limited success. Consistent with its fee award, the court also granted the Tribe's motion for nontaxable costs but reduced that award by 75%. The Tribe now appeals.

## II

A court in its discretion may award reasonable attorney's fees and costs to either party in an ERISA action. 29 U.S.C. § 1132(g)(1). A party "must show 'some degree of success on the merits' before a court may award attorney's fees under § 1132(g)(1)." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 255 (2010) (quoting *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 694 (1983)).

The Tribe argues that the court erred in dismissing its MLR claim and in granting summary judgment to BCBSM on both the Tribe's PGIP claim and its hidden-fees claim in connection with the Member Policy. Given these errors, the Tribe asks us to vacate the portions of the district court's fee-and-cost order pertaining to these claims, so that the Tribe can file a renewed motion for fees and costs if it achieves some success on the merits of these claims. BCBSM acknowledges that our resolution of the Tribe's related merits appeal may impact the propriety of the district

---

[1] These claims included the three mentioned in the previous paragraph, plus the Tribe's MLR claim.

-3-

No. 18-1170, *Saginaw Chippewa Indian Tribe of Mich. v. Blue Cross Blue Shield of Mich.*

court's fee-and-cost award. *See Green Party of Tenn. v. Hargett*, 767 F.3d 533, 554 (6th Cir. 2014).

Accordingly, because we have reversed the district court's dismissal of the Tribe's MLR claim, we must reverse the court's decisions to exclude certain hours from the Tribe's fee award and to reduce the amount of the fee-and-cost award insofar as those decisions were premised on the dismissal of the MLR claim. *See ibid.* The Tribe may yet show that it has achieved the necessary degree of success on the merits on that claim to warrant an award of fees and costs. However, since we have affirmed the district court's rulings on the merits on the Tribe's other claims, we affirm the court's fee-and-cost award to the extent that it relates to those claims. Further, the district court need not revisit its determination of the Tribe's taxed costs, as the MLR claim was not relevant to that decision.

### III

For the foregoing reasons, we **AFFIRM** the judgment of the district court in part and **REVERSE** in part and **REMAND** for further proceedings consistent with this decision.