UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SAGINAW CHIPPEWA INDIAN TRIBE
OF MICHIGAN and WELFARE BENEFIT PLAN,

    Plaintiffs,       Case No. 1:16-cv-10317

v.              Honorable Thomas L. Ludington
               United States District Judge
BLUE CROSS BLUE SHIELD OF MICHIGAN,

               Honorable Patricia T. Morris
    Defendant.       United States Magistrate Judge
_____/

**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION**

In this case against Blue Cross Blue Shield of Michigan (BCBSM) related to the administration of tribal health plans and failure to procure Medicare-like rates for specific claims, the winding procedural history has led to two appeals. Upon the Sixth Circuit's recent instructions to address issues such as the Saginaw Chippewa Indian Tribe's ("SCIT") authorization of health services and Blue Cross's related fiduciary duty, this Court delved back into discovery, tackled a multitude of insurance claims, and resolved numerous disputes.

Faced with Plaintiffs' Motion for Reconsideration, this Court must decide whether it strayed from the Sixth Circuit's mandate or, instead, faithfully followed its directions. It's the latter.

**I.**

This case, filed in 2016, has a prolonged history of proceedings involving multiple appeals and remands. The Sixth Circuit most recently remanded the case based on an interpretation of applicable regulations, instructing this Court to address specific issues related to Plaintiffs' authorization of a healthcare program, BCBSM's related fiduciary duty, violation of the Michigan

Health Care False Claims Act, and statute of limitations. *SCIT v. BCBSM*, 32 F.4th 548, 554 (6th Cir. 2022).

This Court conducted discovery on numerous insurance claims to assess the scope of healthcare services carried out by SCIT and to quantify the monetary difference between Medicare-like rates and the rates paid by BCBSM to third-party providers. *SCIT v. BCBSM*, 2023 WL 4623871, at *3. Numerous discovery disputes followed, leading Plaintiffs to file a motion for default judgment, which was denied. *Id.* at *6–7. This Court also interpreted the Sixth Circuit's remand order as enumerating several issues that must be resolved on summary judgment before proceeding to trial. *Id.* at *7–8.

Now, Plaintiffs seek reconsideration, arguing that this Court departed from the Sixth Circuit's mandate and improperly decided to address issues meant for trial. ECF No. 285.

## II.

Motions for reconsideration of nonfinal orders are disfavored and may be granted in only three circumstances: (1) a mistake that changes the outcome of the prior decision, (2) an intervening change in controlling law that warrants a different outcome, or (3) new facts that could not have been previously discovered warrant a different outcome. E.D. Mich. LR 7.1(h)(2).

## III.

Plaintiffs' Motion for Reconsideration primarily asserts this Court's July 19 Opinion and Order departed from the Sixth Circuit's mandate and improperly resolved issues that the Sixth Circuit held were to be decided at trial. *See generally* ECF No. 285. But Plaintiffs have presented no intervening change in controlling law or new facts. They merely rehash old arguments, which still lack merit.

Plaintiffs are essentially rehashing the same arguments they made in their motion for default judgment, seeking a different outcome based on the same facts and the same laws. *Compare, e.g.*, ECF No. 284 at PageID.15630 ("I think the Sixth Circuit decision, it was pretty clear. It sent this case back to resolve and to try identified factual issues having kind of laid out the legal structure of an MLR claim."), *with* ECF No. 285 at PageID.15729 ("Additionally, the Sixth Circuit noted that BCBSM raised factual issues—such as it lacked the necessary information to pursue MLR for any Employee Plan claims—that it asserts show it could not have breached a fiduciary duty." (cleaned up)). However, "[f]or purposes of reconsideration, mistakes and outcomes are mutually exclusive." *Good v. BioLife Plasma Servs., L.P.*, No. 1:18-CV-11260, 2022 WL 17821556, at *2 (E.D. Mich. Dec. 20, 2022) ("[I]t would be 'unrealistic' to expect courts to know the entire universe of law at all times." (citing Matthew N. Preston II, *The Tweet Test: Attributing Presidential Intent to Agency Action*, 10 BELMONT L. REV. 1, 12 & n.61 (2022))). So Plaintiffs' desire for a different outcome "does not warrant reconsideration." *United States v. Ocampo*, No. 1:06-CR-20172-1, 2023 WL 1802379, at *1 (E.D. Mich. Feb. 7, 2023).

Plaintiffs argue that this Court erred in deciding to address on summary judgment issues that the Sixth Circuit held presented genuine questions of material fact for trial. But, as explained, the Sixth Circuit's mandate was clear in directing this Court to proceed with the factual question of whether BCBSM administered certain coverage and applied the Medicare-like rates. *SCIT v. BCBSM*, No. 1:16-CV-10317, 2023 WL 4623871, at *7 (E.D. Mich. July 19, 2023). Thus, this Court adhered to the mandate by deciding to address the pending factual questions and determining that the discovery disputes primarily concern damages, not liability.

- 4 -

For those reasons, Plaintiffs' Motion for Reconsideration will denied. The Opinion and Order issued on July 19, 2023, remains in effect, and the case will proceed to summary judgment in accordance with the Sixth Circuit's mandate and the law of the case.

## IV.

Accordingly, it is **ORDERED** that Plaintiffs' Motion for Reconsideration, ECF No. 285, is **DENIED**.

**This is not a final order and does not close the above-captioned case**.

Dated: August 3, 2023                              s/Thomas L. Ludington
                                                   THOMAS L. LUDINGTON
                                                   United States District Judge